ORIGINAL

# In the United States Court of Federal Claims

No. 12-519C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: January 14, 2014)

FILED

JAN 14 2014

U.S. COURT OF FEDERAL CLAIMS

MONTY SHELTON,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## ORDER

On January 8, 2013, the court dismissed plaintiff's complaint under RCFC 12(b)(1) and RCFC 12(b)(6), for lack of jurisdiction and failure to state a claim, respectively. Judgment was entered that same day. On September 11, 2013, the judgment was affirmed by the United States Court of Appeals for the Federal Circuit. *Shelton v. United States*, 2013 WL 5204606 (Fed. Cir. Sept. 11, 2013).

On January 9, 2014, the court received from plaintiff a motion for relief from judgment pursuant to RCFC 60(b)(3), claiming that defendant committed fraud upon the court. The court ordered that document filed on January 13, 2014. Whether viewed from the receipt date or the filing date, the court concludes that this motion is untimely.

Under RCFC 60(c)(1), a motion under RCFC 60(b)(3) must be filed "no more than a year after the entry of the judgment." In this case, plaintiff's motion was received more than a year after the January 8, 2013, judgment. To be sure, RCFC 60(d) indicates that this timing provision does not limit this court's power to "set aside a judgment for fraud on the court." In the court's view, plaintiff's motion and supporting documentation reveals neither that the court's prior judgment was procured through fraud under RCFC 60(b)(3) nor that fraud has been committed on the court under RCFC 60(d). Cases construing Rule 60(d) have particularly emphasized the limited nature of the fraud exception found in that rule. *See, e.g.*, *Fox ex rel. Fox v. Elk Run Coal Co., Inc.*, 2014 WL 26556, at *4 (4th Cir. Jan. 3, 2014); *see also Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944); *Williams v. United States*, 446 Fed. Appx. 298

(Fed. Cir. 2011). Plaintiff's case does not fall within that highly limited exception and hence, under filing rule found in RCFC 60(c)(1), is untimely.

Accordingly, plaintiff's motion for relief from judgment under RCFC 60(b)(3) must be **DENIED**.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge